## IN EQUITY.

### NANCY CASE vs. JOHN CASE.

An answer on oath may be put in, although the bill waives an answer on oath.

The statute will protect the Plaintiff against reading an answer on oath, as evidence in all cases (except bills for discovery,) where the Plaintiff waives the necessity of an answer on oath, the answer shall have no other or greater force as evidence than the bill. (2 R. S. 175, § 44.)

Motion to take the Defendant's answer from off the files, on the ground

of irregularity. The same having been put in on oath, although an answer on oath was waived in the bill.

PAIGE, Justice.—It is contended, that unless the complainant makes this motion, he will be deemed to have waived the waiver of the Defendant's oath to his answer, and that the Defendant will be able to read his answer as evidence against the complainant. I do not think that such a result will follow from an omission to make this motion. The statute will protect the complainant against the reading of the answer as evidence against him. In all cases, (except bills of discovery,) where the complainant waives the necessity of an answer on oath, the answer shall have no other or greater force as evidence than the bill. (2 R. S. 175, sec. 44.) By rule 26, the Defendant is expressly allowed to put in his answer on oath to an injunction bill for the purpose of moving thereon for the dissolution of the injunction, although the answer on oath is waived in the bill, and the rule declares that such answer shall have no greater or other force as evidence than the bill. The Revised Statutes, (2 R. S. 175, sec. 44,) where the complainant waives the oath to an answer, does not require the answer to be put in without oath. It declares merely that the answer "*may* be made without oath," but provides that "it shall have no other or greater force as evidence than the bill." This leaves it to the option of the Defendant, to put in his answer either with or without oath, as he pleases; but such answer, whether verified by the Defendant's oath or not, can not, under the provisions of the Revised Statutes, be evidence against the complainant.

The motion, therefore, must be denied, as the complainant cannot be prejudiced by the Defendant's oath to his answer. But as the question of practice presented by this motion is new, the motion is denied without costs.